Dear Mr. Free:
This office is in receipt of your request for our opinion regarding whether or not the West Baton Rouge Parish Police Jury is liable to reimburse, or should reimburse, a Police Juror who is determined by the Board of Ethics for Elected Officials to have violated sections of the Code of Governmental Ethics and who, because of such finding of guilt, is ordered to pay a fine.
This office has previously opined that if a public official or employee is exonerated of all allegations under investigation by the Ethics Commission, then the public entity which employs that individual may reimburse its employee for legal expenses incurred in connection with the investigation. Atty. Gen. Op. Nos. 95-252, 94-369 and 94-369A. Conversely, if the public official or employee is not exonerated of all allegations, then the public entity which employs that individual may not reimburse its employee for his legal expenses incurred in connection with the investigation. Atty. Gen. Op. No. 94-369A.
Applying the reasoning set forth in the opinions cited herein, copies of which are enclosed, it is the opinion of this office that the West Baton Rouge Parish Police Jury is not liable for, nor should it reimburse, the fine imposed against a Police Juror by the Board of Ethics for Elected Officials in connection with a finding of a violation of the Code of Governmental Ethics.
We trust the foregoing to be of assistance.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ______________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
Date Received: 3/25/96
Date Released:
JEANNE-MARIE ZERINGUE BARHAM, ASSISTANT ATTORNEY GENERAL